Case No. 22-1925 John Doe 1-5 v. Gretchen Whitmer et al. Oral Argument not to exceed 15 minutes per side. Mr. Matuca for the appellant. Good morning, Your Honors. I'd like to reserve three minutes for rebuttal, if that's okay. Thank you. You may. Thank you. Good morning. My name is Paul Matuca and I appear on behalf of the Plaintiff Appellants, John Doe's 1-5. The saga of the old Michigan Sex Offender Registration Act goes back well over a decade. And this particular issue begins with the 2006 and 2011 amendments, which imposed substantial burdens on people who had previously been convicted, as well as additional burdens on all those subject to the Sex Offender Registration Act. In particular, there was a requirement that they were not to be within, they were not to loiter, work, or reside within 1,000 feet of a school zone. However, the statute did not provide an identification of those buildings, nor any easy way to identify them for those subject to the law. The plaintiffs in this case brought their claims after this court had already declared the Sex Offender Registration Act unconstitutional as it relates to the ex post facto clause in 2016. This court vacated the district court's opinion, which had identified other flaws, including the void for vagueness challenge that plaintiffs bring here. So you collectively, I guess some of you were the same lawyers, got a fairly big win in 2016. But this suit wasn't brought until when? This suit was, I believe we filed in 2022. Right, basically right after you got a second win in what's sometimes called Dose 2, and you got, if I read the docket correctly, you got these notices sent to everybody in the world saying, you know, don't enforce this anymore. Now it sounded to me like that's what you wanted to have happened back in 2016. If you had gotten that sent, would you have any case? Your Honor, I think it really depends on whether or not it continued to be enforced, and the extent at which the defendant... But part of what you say, the reason you claim it was continued to be enforced was that the governor and the state police didn't send this kind of notice after Dose 1.  Absolutely, Your Honor. Did you or anybody ever ask them? It's the same judge, right? Cleland is the judge in Dose 1 and Dose 2. So if that's what should have happened, why didn't somebody ask for it back then? Your Honor, I do apologize. I was not even an attorney in 2016, so I'm not exactly aware. But it appears that some of the names on the briefs and counsel of record are the same people all the way through. Maybe the answer is you're not responsible for it and you don't know. So if that is the answer, that's okay. But to me, it's a very kind of interesting issue because if you're saying that you're trying to hold the responsibility all the way up the line to the governors as to what actually happened... Yeah, and Your Honor, I do think that it was their responsibility once they were aware that it was unconstitutional as it related to retroactive applications. So in violation of the Ex Post Facto Clause. And I think even though the 2015 decision was vacated, it was pretty unambiguous that no one could actually identify these buildings. I'm with you on that. Another question is a lot of your complaint is in the passive voice about these things happened to people. Sometimes you talk about sheriffs. Sometimes you talk about state police. But it doesn't look like you sued anybody for actually doing something face to face, coming to their house and asking them for information or forcing them to move. That's why I say it's sort of in the passive voice. You don't say who forced them by doing what. Wouldn't those be people that you would want to actually sue for damages? Yes, Your Honor. But one of the issues is that that turns into essentially a whack-a-mole problem. As we've tried here, a class action. And the reason we want a class action is all of these individuals were subjected to the same requirements. And there was a small group of persons, the defendants in this case, who had the knowledge of the ongoing constitutional violations and the authority to stop it or at least attempt to take some action to stop it. And that didn't happen. And so what would happen is if we attempted to sue on an individual basis, this state police officer showed up and told them, hey, you have to move. Or you can't work here or something along those lines. Or you have to show up four times to the police station this year because you've been retroactively re-tiered. The state police station, again, when I read the statute, it talks about, I thought, local law enforcement. Is they actually go to a state police post as opposed to a county sheriff? Your Honor, my understanding is that they could appear at either a local police station or a state police post. But at the end of the day, the reason that this continued to be enforced is that no one from the top with the authority to say so said, hey, this needs to stop. This is a violation of the Constitution. We know it's a violation of the Constitution. Do you have any cases that deal with authorities as high in the food chain as governors that say what you just said? No. No governor has read or somebody has told the governor about a case that declared a law constitutional. So the governor then has an affirmative action to actually do something. No, I don't have any specific case on that point. However, I think when we look at two separate cases that I discussed in our briefs, specifically Shorter View Roads, which obviously says you can sue the governor in their individual capacity. Obviously, that was for an affirmative act, sending out the National Guard. However, when we look to this court's recent case in Zecora, where you did dismiss the claims against Heidi Washington, who is the director of the Michigan Department of Corrections, but that was based on her lack of knowledge, not because she couldn't be sued. How does that apply one way or the other to my question about the governor? So in our understanding, because Heidi Washington is just below the governor, she's the director of one of these state agencies, I don't believe there's a significant difference when you look at the people appointed by the governor to exercise the authority of a specific agency versus the governor who appoints them. How is this case any different than supervisory liability? Your Honor, this case is based on supervisory liability. Every case we have on supervisory liability involves the supervisor being there, doing something, ordering something, watching, failing to intervene. Do you have any examples of supervisory liability that are as attenuated as this one in connection with the claim against the governors? Not specifically with the governors, Your Honor. But once again, I would argue that in Zecora... Then assuming for a second that this claim isn't barred right at the get-go by sovereign immunity, how is the law clearly established as to what these two governors were supposed to do? Your Honor, the law was clearly established as it relates to the specific underlying constitutional violations. Got that. The question is, how was the law clearly established that the governors had a duty to do something here that you claim they failed to do, thus leading to this claim? Your Honor, the mechanism of liability, in my understanding, as we argue in our reply brief, is not itself subject to qualified immunity. The question that this court looks at is whether, A, there was a constitutional violation, and, B, whether the individual being sued had the necessary personal involvement. And supervisory liability is the mechanism to... To put it quite simply, deliberate indifference. And we think that's the appropriate standard when we look at this court's decisions related to supervisory liability. Any time the governor knows that there's some sort of a problem in the state, if the governor doesn't take the requisite action that you think is appropriate, they're therefore deliberately indifferent and subject to being sued in their individual capacity for something their subordinates did. That's the claim. Your Honor, I think that when we look at a situation like this, you have to take the context into account. And so, obviously, on a one-off situation where it's, you were aware that one of, you know, some police officer did something wrong, the governor's not going to be held liable for that. Because it should be understood that down the food chain, you can rely on your state police directors, right? However, when the constitutional violations continue for decades or years and nothing has changed, at some point, that knowledge of the ongoing constitutional violation and the failure of all subordinates at every level to do anything about it, that does impose liability. What's your best case that says that? Your Honor, once again, I would just refer to this Court's cases on, you know, supervisory liability when we look at Pete Ross, Doe v. City of Roseville. And I know those are lower levels, but they all come back to the same concept. But coming back to the question about knowledge, you know, you have a favorable opinion in one context. If it's as strong as you say, and you want to hold the governor liable, would you not want a declaratory judgment, an injunction? Obviously, you have an injunction. The governor could be in contempt of it, and then you could enforce it. And that focuses the governor's attention. But to say that because you lose a lawsuit in one context, this means that everything that is thought to flow from it is your responsibility, as Judge McKeague said, do you have any case that comes close to that kind of context? No, Your Honor. But I do think that these cases don't arise often in this situation, where we have an undeniably unconstitutional statute that continued to be enforced for. . . Well, you say undeniably that, you know, at a minimum, outside of the ex post facto class, it's litigated strongly for quite a while until Judge Cleland's second opinion. And even with respect to the ex post facto class, whether that covers everything seems a little strong. Your Honor, and I appreciate that. I would like very quickly to address the Eleventh Amendment. I mean, did any of your ex—again, you. . . I'm looking collectively at your side of the table. Any of your ex post facto people write a letter, say anything to anybody that, hey, this shouldn't apply to us? Your Honor, I apologize, I am not aware of that. And the four, the does one through four, did they, we don't know who they are, do we? Your Honor, my office does know, but. . . Did they do anything? Did they, did anything happen to them on these other matters? You know, did they keep registering? Yes, Your Honor. Even though they had a judgment in their favor, they kept registering? Your Honor, to be clear, the decision in 2016 was on a, was not a class action as the defendants point out in their response. That's why I was asking about the real people. My understanding is that there is not a overlap of plaintiffs in this case. Okay, so you just don't know what does one through four did? You know who they are, but you don't know. Did they keep registering? Yes, they did keep registering, Your Honor. Even though they had a judgment in their favor? Your Honor, they were not the plaintiffs in the 2016 case. Okay, I'm talking about, because it was called does one, I mean, I know these are all called does one through four, one through five, but the original action in 2016, isn't it called does one through four? I believe so, Your Honor. Okay, I'm saying those four people, did they do anything? Your Honor, I am not aware of that. Okay. My apologies. I want to ask you a quick question about the state police directors before you sit down, and then you can think about it further if you want to when you stand back up for your rebuttal. My understanding is, particularly from your answer to Judge Boggs' questions, you're contending that your client's constitutional rights were violated even by local police, county police. Is that right? Yes, Your Honor. So what's the director's state police responsibility for what the sheriffs and the local police do? Your Honor, I would say two things. First, they would not be directly responsible for actions taken by local police, except to the extent that they had an obligation to send out a notice that this is unlawful. And what case gives the director of the state police an obligation to notify local police of decisions of federal district courts or the court of appeals? Your Honor, I don't have a specific case on that other than, once again, I would say it's... So I'm back to where I was before. How is the law clearly established as to the state police directors? Well, Your Honor, it is... You're saying they had a duty to do something, and they failed to do it. So I'm just trying to figure out where does that duty arise, and how did they know about it, or how should they have known about it? Absolutely. And even assuming that they don't have an obligation with respect to the local sheriffs or local police departments, they absolutely, under this court's precedent regarding supervisory liability, had an obligation as it related to the Michigan State Police, who were also involved in enforcing this. And so if, for some reason, this court... Had an obligation to do what? To properly train them, to instruct them, to inform them that they were enforcing an unconstitutional statute. All right. Thank you. Did you... I'm going to give you one minute or two minutes on sovereign immunity if you want it, because you never got to. You said you wanted to. Thank you, Your Honor. I just... And I will be very brief on this. Plaintiffs sued defendants in their individual capacities under a well-established theory of liability for monetary damages. Those are the big... Clark says the label doesn't matter. Yes, Your Honor, and... And what I can't figure out is how would your complaint be any different, whether you sued them an individual or official? Your Honor, it would be the remedy sought. So it's just the remedy, but that's the labeling. It's... Because any official, you could say I'm seeking damages from them in their individual capacity. That's just labeling, and Lewis v. Clark tells us that's not enough. Your Honor, respectfully, I would argue that that's slightly more than labeling. When we come to the remedies requested, if I ask for monetary damages, as we have exclusively in this case, I cannot then ask for injunctive relief, because a court would not be able to grant that against them in their individual capacities. That's why we see official and individual capacity suits together. Can't the state direct them to continue to enforce it post-2016, especially when it's only related to four plaintiffs? In other words, it's not an injunction beyond the four plaintiffs, as you yourself admit. So can't the state, say, continue enforcing it until there's a class action? At that point, Your Honor, I think it would be up to the individuals... To buck, so get fired, lose their job? Your Honor, I believe that they would have some defense to that, because whether or not it was a class action, it was clearly a step. Don't states always challenge court decisions, both in court and outside? I mean, we have a long history in this country of states. The Supreme Court will say something. In the state of Florida just passed a law on executing child rapists. That's clearly contrary to Kennedy v. Louisiana, yet they expect to seek the death penalty for child rapists now. Are they all subject to personal liability? Your Honor, I think that would depend on whether there was a... Actually executed one. Well, but I think that it depends on the context there. And I apologize that I'm not incredibly familiar with the underlying case law there. Just pretend it's a hypo. So it's unconstitutional to execute these individuals, and they do it anyway. Louisiana says you cannot execute anyone that rapes someone. Florida passes a law saying if you rape children, we're going to seek the death penalty. Can they do that? If there's Supreme Court precedent stating they cannot, absolutely not. And they're subject to individual liability is what you're saying, even though the state's directing them to do this? Yes, Your Honor, it is. So one more question. I got your answer is yes, because I know your time's limited. Why isn't the real remedy, this goes all the way back to something Judge Boggs said, Hutto v. Finney says go back to the judge and seek contempt. You can get damages. You can get everything you want. Supreme Court said so in Hutto, and it cleans it up. It makes it clean. We don't have to worry. A state can challenge. Long history in this country of states doing so. And you can get damages for them doing so because they're violating an injunction. Your Honor, in this case, there was not an injunction. You didn't ask for one. Well, respectfully, it wasn't a class action in the first case. And by the time they don't even know what happened with those four, that's our problem here. Right? Those four could have gone back. Because you said that they were still registering. Your Honor, let me clarify, and I apologize. It is our plaintiffs in this case that were still registering. I do not believe there is an overlap between our case and that case. Don't know what happened with the other folks. That was exactly the reason I was asking that question. But at least your overall allegation, I mean, a trial or discovery might prove to be wrong, but your overall allegation certainly makes it sound as though the governor and the state police were just saying, screw it, we're just going to keep enforcing this the way we always did. Absolutely, Your Honor. And if that was the case, again, wouldn't this, your four, not your four folks, the people back there, have had that same kind of remedy? Or as I said, people on that side of the aisle should have put a different label on it and gone back to Judge Cleland and said, injunction, preliminary injunction, all kinds of things. Or they could have, just to take off of that, they could have complied with those four people. And then they aren't violating the court order at all. Because there's no class action, there's no injunction. You could have, instead of registering, right, John Doe won in this case, could have gone to Judge Cleland and said, I want declaratory relief and an injunction now against me, stopping them from enforcing it against me. And, Your Honor, that is certainly a decision on remedy. There was obviously a subsequent class action filed. But it's not my understanding that where there is a clearly established right that someone must seek an injunction prior to seeking a damages remedy against individuals. Okay. Thank you, counsel. Thank you, Your Honors. Good morning, Your Honors. May it please the Court. Assistant Attorney General Scott Damage appearing today on behalf of defendants with the State of Michigan. This court should refer to the district court decision because plaintiff's class action, although brought against the state officials in their personal capacity, is in substance and action against the State of Michigan and therefore barred by the 11th Amendment. I think, Your Honors, your question got towards that and also even before. Can I ask you a question related to that? Because I'm struggling with this. So the way you get official capacity here is you say, well, we're just going to ignore the order of the court. State is blessing this in some way. Is that really what Michigan was doing? No, Your Honor. That's not the case. The state wasn't thumbing its nose at any opinions or anything of the sort. There were a myriad of decisions that were out there that, I don't want to say were conflicting, but weren't touching on the same subject matter from the federal side, from the state side as well. So if we look over the period of time. They can ignore the federal court? No, they cannot. Of course, on specific issues, for example, part of the provision was vague for being. Void for vagueness. Void for vagueness, yeah. They, of course, would not enforce that provision, but not ignore the rest that would still be in play, that wasn't severable. So to the extent there is a decision in 2016 going after certain amendments that were made in deeming those unconstitutional, that's one thing, but not overall in total, the overall SOAR registration requirements. And so I believe because there were certain decisions that were touching upon the ex post facto piece and not dealing with the void for vagueness. You concede if a court declares it unconstitutional and individuals within the state continue to enforce the law, they're acting in their individual capacity? I would say without specific direction from the supervisor, then yes, they would be acting in their individual capacity. Without directives from the supervisor to what, to act or to stop acting? To do either, to act or to stop acting. If they're just acting on their own, I guess, and going rogue, if it's just a regular employee saying we're not going to enforce the law, that would be. I'm sorry, I'm having a little trouble understanding you. It may be my ears, but are we looking at the situation where the underling just reads the law and says I'm going to keep enforcing it and nobody says anything, or are you talking about when the supervisor says don't enforce it and he keeps enforcing it? What situation were you addressing? The individual that was actually enforcing it and going forward and doing the work, and if it was brought up that it was unconstitutional, and it was ruled that it was unconstitutional and the supervisor was put on notice of that fact and was clearly established as being unconstitutional, then yeah, there could be personal liability. I think from the supervisor, the individual, I think they were just acting in their capacity as an employee and being told what to do. So you're conceding then. Why aren't you then in effect conceding that the state police leader could be held accountable for what the ground state police are doing? I would say first, of course, because of the 11th Amendment argument, but then now we're kind of bleeding into the qualified immunity argument. Explain to me, stop at the 11th Amendment and then we can bleed into the qualified immunity, but the 11th Amendment, you're saying if the state police director or the governor, so Governor Whitmer says, keep enforcing it. Everyone's cloaked with sovereign immunity at that point? If her director was keep enforcing the law. Judge Cleveland said this, now let him enforce it. Yes. Andrew Jackson style. Keep enforcing it. Everyone gets sovereign immunity. That would be a problem. No, we can't do that. Are you saying that's a problem or that's your position? That would, it's not my position to be a problem though. Wait, I'm unclear now. It is or isn't your position? I guess if you could repeat the hypothetical. Governor Whitmer says, you said it, let him enforce it. We're going to continue to register. We're going to continue to do everything he told us not to do. No, that would be a problem. It would be a problem. Unless if the legislator jumped in in between. Down the state police officer that's getting a directive from the governor through the head of Kentucky State Police. Michigan State Police, I'm sorry. Are they, is the line police officer individually liable? I know I'm bleeding into QI, but just set aside QI. Are they individually liable for what the governor is directing? Governor directs them to do it. Are they cloaked with sovereign immunity or not? I would say in that instance they would be because they're acting under the direction of their supervisor. It would be supervisory authority in a sense. But they would be able to avoid liability. But then, in other words, you would be able to go upwards if, in fact, the individual knew themselves that it's a clearly established constitutional violation. So you're conceding then in some sense that they can sue the governor and leader of state police. They can't sue the line people. So why isn't their suit exactly what they should do? Well, it also depends on what remedy you're looking for as well, of course. I mean, if we're looking for damages, you would want to sue the actual individual performing the act itself, not the person. That's what they're doing. I just thought you told me that they get sovereign immunity, but the leaders don't. Am I misunderstanding? No, the leaders would get sovereign immunity. The leaders in that instance would not get sovereign immunity if the right was clearly established. No, I'm sorry. I'm delving over to qualify. They would get sovereign immunity if, yes, the leaders would still get sovereign immunity. So now go back to my hypo and then I'll leave this one. Governor Whitmer directs it continue to be enforced. Tell me who does not get sovereign immunity in that example? I would say that the governor would get sovereign immunity in that example. She would or wouldn't? She would. Would everyone else? Yes, they would. Because she's the sovereign? No, I think it's because it's not really suing the individual itself, it's suing the actual official, the actual official seat, the actual official position. Even though they were following orders? Correct. If I can take you over to the other part of sovereign immunity, it's about who pays. Are you pushing the line that the state will really pay? I mean, as I understand it, at least Governor Snyder can probably write a check for these amounts. I don't know about Governor Whitmer. To be clear, the case law is fairly clear. An indemnification clause is not going to take you out of or give you sovereign immunity. Okay. But what we're looking at here is the remedies. The state doesn't have an indemnification clause. It doesn't. I'm just saying, for example, just to get out of the carte blanche rule because it was seeking money damages, sovereign immunity applies. But it certainly helps my argument that sovereign immunity applies when they're seeking monetary damages. And it's almost retroactive monetary damages for rulings from prior courts where certain plaintiffs could have went and actually sought further relief in those cases or sought an injunction. I mean, everything that, because of the statute of limitations, everything that they're seeking comes after the 2016 decision and, quote, does one, right? So it's not. I believe so, yes, Your Honor. And so as far as, again, for the 11th Amendment sovereign immunity piece, I think, of course, the labels don't matter. It is actually an official capacity suit and filed against the State of Michigan. For that reason, the 11th Amendment immunity applies. Even if it didn't and we got to the point. But just saying it's an official capacity suit doesn't make it so. They're contending it's an individual capacity suit. Presumably they're satisfied with relying on how collectible these four individuals are. So assuming that that's what their claim is here, what turns this into an official capacity suit if the state isn't going to be paying it? I think if the state was not going to be paying it, then we're starting to go into more of the area of you're forcing the state to act or compelling the state to act, not the individual itself. I mean, you're asking the individual position. But the fact that the state chooses to indemnify doesn't turn it into a suit against the state. That's correct. Right, it does not. And I think the case law is clear on that. In fact, there was an indemnification clause of any sort. So what makes this, going back to your statement a moment ago, what makes this, in your judgment, an official capacity suit when that at least is not on the surface of it what they've pled? I think, of course, we can start at the simple side of what's actually alleged to be a complaint itself of where the state of Michigan, it's alleged that the state of Michigan was the one enforcing the SOAR obligations against the plaintiffs here, that it's actually the executive branch of government that is enforcing this. It's not the actual individual governor, Gretchen Whitmer. It's the executive branch itself. But their claim, in effect, is that this is a frolic and detour, as the phrase is, or a rogue official act because they all should have known it was unconstitutional. I mean, that's their claim. That's correct. And they claim, as Judge McKeague said, they're happy. I don't know if they've looked at the bank accounts of any of the defendants except maybe ex-Governor Snyder whether they're going to get any money out of it. They may get attorney's fees from somebody. I don't know. Yeah, and as far as for an individual capacity suit, I know that they wouldn't get attorney's fees from the government, I believe. Right. You haven't mentioned that what these people were apparently doing was fulfilling their role of enforcing the law. Exactly. So is that your reason why this is really a suit against the government and not against them individually, or is it some other claim that you have? I think, Judge McKeague, you put it perfectly exactly because they were enforcing the laws they understood at the time, and they being, of course, the defendants. Now, what if they were just dead wrong in their understanding? Does that still then make it a suit against the state? No, it doesn't. If you're wrong on the law, I mean, we go back to the earlier Doe's cases. My clients were deemed to be wrong on the law. Those were filed in a different style where they were brought against the… You're not answering Judge McKeague's question. Assume they're wrong. Does it make it a suit against the state? Yes or no, and then you can explain. Yes, it does. Even though isn't that sort of the usual situation in the sense, let's say state policemen, they're told enforce valid search warrants, and they think this one's valid, but it isn't. It's clearly invalid. It's a blank piece of paper. Does that make it a suit? Usually you sue the individual, 1983, that's what we sort of see, and just because they're enforcing the law, which says serve valid warrants, we don't usually make that a suit against the state, do we? No, not necessarily. Do you see any distinction here between the suits against the current and former governor compared to the suit against the current and former director of the state police? The remedy sought. The request for declaratory relief and injunction relief going forward to stop the enforcement of these specific provisions that were deemed unconstitutional. And to Your Honor's points earlier, there were notices that were sent out. Our legislator did react to this court's decision. So you're saying that the relief sought, in addition to monetary damages, is also a factor in what makes this a suit against the state? Yes. Any further questions? Thank you, counsel. Thank you, Your Honors. If there are no further questions, I ask that you please affirm the court's order below. Thank you. If I could ask you briefly, not to take too much of your time, but in the complaint there are things that look different in the sense that it will say he had to register. And then a different doe, it says he had to go to the state police to register. Are those advertent? That is, are you asserting that some of them registered with the state police and some didn't? Or are you just putting the passive voice in parts of the complaint? Your Honor, I believe that's where we weren't able to get entirely clear information on where they would register, especially if they didn't register at the same spot. So I wouldn't. And the same thing with they were forced to do X, they're forced to do Y. You're just not asserting who forced them to do it. That is correct. All right. So what relief are you asking for with respect to these four individuals? Monetary damages only. Period. Period. That is, yeah. Your friend on the other side says you're also asking for declaratory relief and injunctive relief as to enforcement of the statute. The statute no longer exists. So we could not have done that even if we wanted to. There was a new SOAR passed. There is different litigation going on about that SOAR. But it came into effect beginning of last year, I believe. So we couldn't seek declaratory and injunctive relief because the statute that we claim was unconstitutional and continued to be enforced was no longer on the books. We are seeking monetary damages. So the period you're asking for is the statute of limitations period up until the statute was repealed or superseded. That is correct. Is that right? Yes. And presumably at some point you'd have to prove person by person how much the damages were so the governors are sitting there watching the meter run? Yeah, absolutely. And I think when we get into these issues of who was enforcing for state police or local police, that's an issue that would have to be dealt with at a class certification issue to limit the class explicitly to those who were actually injured if this court were to say only the Michigan State Police, those directly under the authority of Governor Whitmer, Governor Snyder, Defendant Attu, and Gaspar, that's something that would be limited at the class stage. On the motion to dismiss stage, we think that it's too early. So you might, I guess you're not conceding, but you might parse out what was done by local law enforcement, which is authorized by the statute. So if that does get parsed out, then it's just, you know, you're tough luck you didn't sue the Sheriff of Gratiot County. Yes, Your Honor, and I think that that is going to require discovery prior to certification so that we can make sure that we've got the appropriate class. There's a few things that I would like to note in response to the Eleventh Amendment issues. First, and this has to be addressed by this court, and I apologize, but the district court held that Attu and Gaspar could be held liable in their individual capacities. It then granted them sovereign immunity. Those are mutually incompatible, and I apologize. And second, the defendants point to this issue of, we mentioned that the State of Michigan continued to enforce. An artful pleading, but they have also repeatedly alleged that we don't look at just the pleadings. We look at the relief sought, the remedy requested. And so the State of Michigan did continue to enforce this, but that does not mean that individuals cannot be held liable in their role for ongoing constitutional violations. There are numerous times where there are official and individual. That's our ultimate question, right, is whether it fits in the official capacity suit. Because if you look at the Fourth Circuit's Cunningham-Martin factors, they seem pretty clearly in trying to figure out what the Supreme Court was doing in Lewis to say, hey, you look at, are they doing it on their personal, in other words, personal time, personal interest, ultra-virus. It's not ultra-virus or in their personal interest if the statewide they're continuing to enforce it. Respectfully, Your Honor, I would say it's ultra-virus if they continue to enforce it when they know it's unconstitutional. But it's not binding as to them. It's only binding as to four plaintiffs. That said, the ex post facto was clearly established. So simply because it wasn't a class action doesn't mean it's only unconstitutional for these four individuals, but you can enforce it on everyone else. That's the way case or controversy, I mean, that's the way Article III works. We decide cases are controversies. The judge decided that particular case. It doesn't bar Michigan because they screwed up in that case, and I'm not saying they did, but you get the point. Let's assume they screwed up in defending their law. They couldn't, when the next plaintiff comes, they're not bound by another district court, frankly. They're only bound by the sixth, and even the sixth could reconsider depending on how we did it. Your Honor, I think that would open up, and I apologize, my time's up. I would like to respond to this. Yeah, go ahead. I think that would open up significant issues if this court were to say every time there's an individual suit that is not class action, that does not clearly establish the law. If that happens, we would need to have, each individual plaintiff would need to say, oh, this was, you violated. Well, the Supreme Court's indicated just last term or two terms ago that it's even debatable circuit precedent clearly establishes the law. So how can we say district court precedent does? Your Honor, we do not allege that district court precedent does. The only precedent that we rely on to clearly establish ex pro facto is this court's opinion as it relates to our void for vagueness. What year was that? Because I thought you were seeking damages. Am I wrong? When does your damage period start? Your Honor, I believe it starts sometime in 2017 or 18. It was three years prior to the date of the filing of the lawsuit. It was sued in August of 21, I think. Okay. So then it would have been 2018. So let's pursue this argument that you're making right now. We get excessive force claims all the time here, as I'm sure you know. So let's assume that we rule in a case against an individual police officer. We'll make it a state police trooper just to make it easier. And we say that that particular restraint was unconstitutional. It's a suit by one plaintiff against one state police trooper. With me so far? We say that's unconstitutional. You seem to be saying, just extrapolating from what you've argued so far, that the governor can then become responsible if other police officers, both state police and local, continue to use that unconstitutional method of restraint. Is that what you're arguing? I mean, it's an extraordinary claim. And not precisely, Your Honor. What we're saying, so... Okay. Differentiate then my hypothetical with what you're arguing here. So, for example, you have the one case says this chokehold, for example, is unconstitutional. Then the next step in my mind is you have a police station, a police chief, not at the highest level, who continues to train his officers to use the chokehold. He would be liable in his individual capacity. As this goes on, and as it is exposed as a statewide problem that every police force is consistently engaging in, notwithstanding this court's ruling, as it goes on for decades... This court's ruling in one case. Well, but if this court says... That's a hypothetical. Yes, Your Honor. So the state, the director of the state police is liable then for what the local police do, and the governor is liable for what the director of the state police does or fails to do. Your Honor, I... One case, one chokehold. I would not say that the director of Michigan State Police is liable for local police necessarily. I think that in certain circumstances where the specific statute in question is under the jurisdiction of the Michigan State Police and they're supposed to be enforcing it and theoretically disseminating information about it. Where Judge McKee is coming from is the way we've always dealt with this is we say the chokehold's unconstitutional. The next person comes up and says, now it's clearly established, but they do it in an individual suit against the person who does it. Not 10 degrees removed. And what you're asking is the governor, we have no idea if the governor had knowledge. And you're asking us to hold Governor Whitmer responsible for this rather than the individuals that are disregarding what you're saying is clearly established. Your Honor, at this point at the motion to dismiss, we're not saying that Governor Whitmer will be held responsible. I think there are sufficient allegations in our complaint that all of these defendants were absolutely aware of what was going on and did nothing. And if... Sovereign immunity and qualified immunity are defenses against suit, not defenses against resulting liability. Absolutely, Your Honor. And they're not entitled to sovereign immunity because they're being sued in their individual capacity for their individual actions. And as to qualified immunity... We know what those individual actions are. Your Honor, we have alleged tacit acquiescence and deliberate indifference through the failure, the ongoing knowledge of this conduct and the failure to take any action. And we believe that while, yes... Have you found a single case against the governor for tacit acquiescence and deliberate indifference? No, Your Honor. However, it is our understanding that qualified immunity does not necessarily change. The mechanism of liability does not change. You need to show that personal involvement. And for us... But how is tacit acquiescence and deliberate indifference personal involvement? When someone has the knowledge and... You're saying in both cases they knew about it and they didn't do anything. Yes, and it rises to a level of deliberate indifference. All right, thank you. Thank you very much, counsel, for your thoughtful argument. The case will be submitted. And we'll take a five-minute recess and come back at 5 till 10 to start the final argument. The Senate will court is taking a brief recess. We will resume shortly.